IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02764-WJM-MJW

KARIN CHRISTINE BREMER,

Plaintiff(s),

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, and
UNITED AIR LINES, INC.,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Pro Se Plaintiff's Motion for Protective Order, (docket no. 40) is DENIED for the following reasons.

First, the Pro Se Plaintiff has failed to comply with D.C.COLO.LCivR 7.1 A.  Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

Second, the Pro Se Plaintiff seeks a protective order from this court against both defendants for their  ". . .continuance of a witch hunt and fishing expedition to this case.  The interrogatories & Requests for Production of Documents I have turned over in the last over five years on a continued basis and have always done everything in good faith and open communications."  Here, I find that the Pro Se Plaintiff's Complaint was filed in this court on October 24, 2011.  See docket no 1.  Accordingly, a "witch hunt" as it pertains to this case has not been going on for five years.  Moreover, Defendants' counsel, who is an officer of the court as attorney admitted to the bar of this court, has stated in paragraph 3 in the Response (docket no. 55) the following: "To date, AFA has not propounded discovery requests to Bremer."  Moreover, both the Pro Se Plaintiff and Defendants are entitled to seek discovery consistent with the Rule 16 Scheduling Order Docket no. 37).

Third, the Pro Se Plaintiff has failed to comply with D.C.COLO. LCivR 7.2 B in that she has failed to identify any document or proceeding for which the restriction from public access is sought. She has failed to identify the interest to be protected and why such interest outweighs the presumption of public access. She has failed to identify a clearly defined and serious injury that would result if access is not restricted. She has failed to explain why no alternative to restricted access is practicable or why only restricted access will protect her interests. Lastly, she has failed to identify the restriction level sought. This court has previously denied the Pro Se Plaintiff's Motion to Restrict Excess [sic] [Access] for essentially the reasons stated above. See docket no. 46.

Fourth, the Pro Se Plaintiff has failed to demonstrate "good cause" for a protective order under Fed.R.Civ.P. 26(c) and Exum v. United States Olympic Comm., 209 F.R.D. 201, 206 (D. Colo. 2002).

Date: May 2, 2012