IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02764-WJM-MJW

KARIN CHRISTINE BREMER,

Plaintiff,

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA and
UNITED AIR LINES, INC.,

Defendants.

---

## RECOMMENDATION ON
## (1) DEFENDANT UNITED AIR LINES, INC.'S MOTION TO DISMISS WITH PREJUDICE (Docket No. 17)
## AND
## (2) DEFENDANT AFA'S MOTION TO DISMISS (Docket No. 21)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 2)

issued by Judge William J. Martinez on October 26, 2011.

## PLAINTIFFS' ALLEGATIONS

*Pro se* plaintiff Karin Bremer asserts the following in her Complaint (Docket No.

1).  Plaintiff was employed as a flight attendant by defendant United Air Lines, Inc.

("United") from January 1, 2006 until she was terminated on April 19, 2007.  Plaintiff

appealed her termination to the United Airlines System Board of Adjustments (the

"SBA").  The SBA held hearings on December 9, 2009 and April 7, 2010, and

subsequently affirmed plaintiff's termination on April 28, 2011.  Plaintiff was a member

of defendant Association of Flight Attendants ("AFA") throughout her employment and

during the SBA hearings.

United's initial employment offer to plaintiff was contingent on a medical exam which plaintiff underwent on January 12, 2006.  Plaintiff's knee had previously been operated on due to an injury she sustained while in the U.S. Air Force.  Plaintiff mistakenly believed it was unlawful for an employer to inquire into military service medical issues.  Consequently, plaintiff did not believe she could answer certain items on a questionnaire, or discuss her knee injury with the medical personnel, without violating federal law.  Plaintiff discussed her concern with a nurse, who told plaintiff she could "just answer no" on the questionnaire.  However, when the examining doctor noticed an obvious surgical scar on plaintiff's knee, the doctor asked plaintiff why she had not disclosed the surgery on the questionnaire.  Plaintiff told the doctor that the surgery was related to a military service injury, at which point the doctor told plaintiff to "say no more."

In December 2006, plaintiff tested positive on a random drug test for a medication which had been prescribed to plaintiff for her knee injury.  As a result of the positive test, plaintiff met with United's medical review officer Dr. Robert McGuffin the following month.  Dr. McGuffin noted the discrepancies between plaintiff's explanation for the positive result and her previous answers on the medical questionnaire.

As a result of these discrepancies, United accused plaintiff of submitting false information to the company, a violation of the Flight Attendant Operations Manual (the "Manual").  A hearing was held on April 5, 2007 and plaintiff was officially discharged on April 19, 2007.

Plaintiff timely appealed her discharge to the SBA.  Hearings took place on

December 9, 2009 and April 7, 2010.  Pursuant to the collective bargaining agreement (the "CBA") between United and AFA, plaintiff was represented by AFA Senior Staff Attorney Michael Hickey.  Mr. Hickey refused plaintiff's request to allow her to testify and rested plaintiff's case without calling any witnesses or presenting any evidence.  On April 28, 2011, the SBA upheld plaintiff's termination.

In the present matter, Claim One asserts breach of the duty of fair representation against AFA.  Plaintiff asserts AFA, as the sole bargaining representative of plaintiff, had a duty to represent plaintiff fairly in her dealings with United.  Plaintiff claims AFA breached its duty by failing to prosecute plaintiff's appeal diligently, by failing to exercise reasonable care, and by failing to allow her to testify or present evidence at the SBA hearings.

Claim Two asserts breach of the CBA against United.  Plaintiff asserts that United breached the CBA by terminating her without just cause.  Plaintiff claims the United medical examiners impliedly agreed with plaintiff's position that she need not disclose her military service injuries.  In addition, plaintiff asserts United breached the CBA by terminating her without considering any mitigating factors.

## PENDING MOTIONS

Now before the court for a report and recommendation are the following two dispositive motions: (1) Defendant United Air Lines, Inc.'s Motion to Dismiss with Prejudice (Docket No. 17); and (2) Defendant AFA's Motion to Dismiss (Docket No. 21).

The court has carefully considered the Complaint (Docket No. 1), United's motion (Docket No. 17), plaintiff's response to United's motion (Docket No. 18), United's reply

(Docket No. 28), plaintiff's sur-reply to United's motion (Docket No. 29), AFA's motion (Docket No. 21), and plaintiff's response to AFA's motion (Docket No. 24).  AFA did not file a reply to its motion.  However, AFA filed a motion to amend its motion to dismiss (Docket No. 50) on April 23, 2012.  The court entered an order (Docket No. 54) granting AFA's motion on April 24, 2012.  Finally, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact and conclusions of law.

United argues plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because the court lacks subject matter jurisdiction.  United argues plaintiff's claim against United involves a minor dispute which is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*  Further, United argues that plaintiff's attempt to circumvent preemption by alleging a "hybrid action" fails because plaintiff does not and cannot allege collusion between United and AFA.

AFA initially argued plaintiff's claim against AFA should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service.  However, AFA has since withdrawn this argument.  AFA argues plaintiff's claim should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, is not applicable to this matter.  For the same reason, AFA argues plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(3) because her statement of venue invokes the LMRA.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter

jurisdiction is on the party asserting jurisdiction.  See Basso v. Utah Power & Light Co.,

495 F.2d 906, 909 (10th Cir. 1974).  Motions to dismiss pursuant to Rule 12(b)(1) take

two forms.  First, a party may attack the facial sufficiency of the complaint, in which case

the court must accept the allegations of the complaint as true.  Holt v. United States, 46

F.3d 1000, 1002-03 (10th Cir. 1995).  Second, if a party attacks the factual assertions

regarding subject matter jurisdiction through affidavits and other documents, the court

may make its own findings of fact.  See id. at 1003.  A court's consideration of evidence

outside the pleadings will not convert the motion to dismiss to a motion for summary

judgment under Rule 56.  See id.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations

omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the

remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

## UNITED'S MOTION TO DISMISS

"Congress passed the Railway Labor Act 'to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes.'" Ertle v. Cont'l Airlines, Inc., 136 F.3d 690, 693 (10th Cir. 1998) (quoting Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994)).  The RLA creates "a

8

mandatory arbitral mechanism to handle disputes 'growing out of grievances or out of

the interpretation or application of agreements concerning rates of pay, rules, or working

conditions.'" Norris, 512 U.S. at 248 (citing 45 U.S.C § 153 First (I)).  The RLA vests

exclusive jurisdiction over two classes of disputes: minor disputes and major disputes.

Ertle, 136 F.3d at 693.  Major disputes involve "the formation of collective bargaining

agreements or efforts to secure them."  Norris, 512 U.S. at 252.  Minor disputes involve

"disagreements over the meaning of a bargained-for labor agreement."  Id. at 252-53.

Accordingly, "major disputes seek to create contractual rights," while minor disputes

"seek to enforce them."  Id. at 253.  A minor dispute "must be resolved only through the

RLA mechanisms."  Id.  Accordingly, federal courts lack subject matter jurisdiction over

minor disputes.  Bhd. of Maint. of Way Emps. Div./ITB v. Union P. R.R. Co., 460 F.3d

1277, 1283 (10th Cir. 2006).

United argues that plaintiff's claim against United is a minor dispute and thus the

court lacks subject matter jurisdiction.  Plaintiff does not directly address United's minor

dispute argument.  However, because United's argument involves subject matter

jurisdiction, the court must examine the issue regardless of whether plaintiff addressed

it.  See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th

Cir. 2006) (stating that courts have an obligation to determine whether subject matter

jurisdiction exists, even in the absence of a challenge from any party).

Unlike a major dispute, minor disputes can be conclusively resolved by

interpreting the CBA; minor disputes do not involve rights that exist independent of the

CBA.  Bhd. of Maint. of Way Emps. Div. v. Burlington N. Santa Fe Ry. Co., 596 F.3d

1217, 1222-23 (10th Cir. 2010).  "The essence of the inquiry is whether the source of a

9

party's asserted legal right is its collective bargaining agreement." Id. at 1233.  "[T]he

default position for courts is to deem a dispute minor if it even remotely touches on the

terms of the relevant collective bargaining agreement."  Id.  Indeed, "claims are minor

disputes if they depend not only on a right found in the CBAs, but also if they implicate

practices, procedures, implied authority, or codes of conduct that are part of the working

relationship."  Fry v. Airlines Pilots Ass'n, Intern., 88 F.3d 831, 836 (10th Cir. 1996).

       Plaintiff's claim against United is a minor dispute.  Plaintiff's complaint states that

she was terminated pursuant to rules found in the Manual (Compl. ¶ 13, 26).  Further,

plaintiff claims the Manual required United to consider mitigating factors, which United

failed to do (Compl. ¶ 15, 27).  Accordingly, plaintiff's claim clearly implicates codes of

conduct and procedures that were part of plaintiff's working relationship with United.  In

addition, plaintiff claims United breached the CBA because United violated procedures

outlined in the Manual.  As plaintiff states, the Manual was promulgated "[p]ursuant to

the authority of the CBA" (Compl. ¶ 12).  As such, the ultimate source of the rights

claimed by plaintiff is the CBA, and plaintiff's claim is "inextricably intertwined" with

consideration of the terms of the CBA.  See Allis-Chalmers Corp. v. Lueck, 471 U.S.

202, 213 (1985).  Therefore, plaintiff's claim against United is a minor dispute which is

preempted by the RLA.  The court's analysis, however, does not end here.  Plaintiff's

complaint is identified as a "hybrid action," and therefore plaintiff argues her claim

against United falls under an exception to the preemption of minor disputes.

       The hybrid exception is "a judicially created exception to the general rule that an

employee is bound by the result of grievance or arbitration remedial procedures

provided in a collective-bargaining agreement."  Edwards v. Int'l Union, United Plant

10

<u>Guard Works of Am.</u>, 46 F.3d 1047, 1051 (10th Cir. 1995).  "In a typical 'hybrid' claim,

an employee claiming wrongful discharge in violation of the collective bargaining

agreement argues that the 'employer breached a collective-bargaining agreement and

the union breached its duty of fair representation' in connection with the grievance

process the employee followed after his discharge."  <u>Repstine v. Burlington N., Inc.</u>, 149

F.3d 1068, 1071 (10th Cir. 1998) (quoting <u>Edwards</u>, 46 F.3d at 1050).  Accordingly, the

"employee's unfair representation claims against his union and the underlying [breach of

the duty of fair representation] claim against his employer are 'inextricably

interdependent.'"  <u>Edwards</u>, 46 F.3d at 1051 (quoting <u>DelCostello v. Int'l Bhd. of

Teamsters</u>, 462 U.S. 151, 164-65 (1983)).

        Plaintiff's complaint states a hybrid action as defined above; plaintiff asserts

breach of the duty of fair representation against AFA and breach of the CBA against

United.  However, United argues that in the Tenth Circuit a true hybrid claim must allege

some degree of collusion or conspiracy between the union and the employer, which

plaintiff has failed to do.  As best the court can tell, plaintiff does not address United's

legal argument that collusion is required for a hybrid action.  The court notes that AFA's

motion to dismiss includes a footnote briefly addressing the issue.

        The Tenth Circuit Court of Appeals first addressed the requirements of a hybrid

action in <u>Richins v. S. Pacific Co.</u>, 620 F.2d 761 (10th Cir. 1980), <u>cert. denied</u>, 449 U.S.

110 (1981).  In <u>Richins</u>, the court's primary focus was how easily separable the

plaintiff's two claims were.  <u>See id.</u> at 762-63 (noting that the case was not "so easily

separable as to warrant bifurcating the proceedings" and that "plaintiffs could not secure

full relief in federal court if the [employer] were not a party").  In addition, the court noted

11

that the alleged facts were "consistent with a pattern of collusion" between the union

and employer.  Id.

It is not clear from Richins whether the court considered collusion an

independent requirement for a hybrid action or simply a factor that can be used to

determine if the claims are inseparable or inextricably interdependent.  However, shortly

following Richins, the Tenth Circuit Court of Appeals appears to have stated that

collusion is required for hybrid claims.  Specifically, in Hodges v. Atchison, Topeka &

Santa Fe Ry. Co., 728 F.2d 414 (10th Cir. 1984), the court affirmed the dismissal of an

employee's claims in part because the employee had failed to allege any collusion

between the union and the employer to effect his discharge.  Id. at 417 (also noting the

employee's failure to name the union as a defendant).  Subsequent cases provide

additional support for the collusion requirement.  See Repstine, 149 F.3d at 1072

(noting that the plaintiffs' complaint did not allege any collusion or conspiracy); Chandler

v. Am. Airlines, Inc., No 91-5079, 1992 WL 72955, at *2 n.1 (10th Cir. Apr. 10, 1992)

("[The plaintiff's] reference in his complaint to collusion between [the employer] and [the

union] is conclusory and vague and does not support an allegation of collusion."); 

Robinson v. Public Law Bd. No. 5914, 63 F. Supp. 2d 1266, 1271 (D. Colo. 1999) ("[The

plaintiff] fails to make any allegations or state any facts suggesting collusion between

the Union and the Railroad.  There are therefore no facts supporting the policy reasons

described by the Tenth Circuit in Richins necessitating hybrid jurisdiction."); see also 12

Emp. Coord. Labor Relations § 59.50, Jurisdiction over hybrid actions (2011) (stating

that the Tenth Circuit requires an allegation of collusion to establish jurisdiction over a

hybrid claim).

12

The court also notes that the Eighth Circuit cited to the Tenth Circuit when it adopted the collusion requirement.  See Martin v. Am. Airlines, Inc., 390 F.3d 601, 608 (8th Cir. 2004); Raus v. Bhd. of Ry. Carmen of U.S. & Can., 663 F.2d 791, 798 (8th Cir. 1981) (noting with approval the Tenth Circuit's reasoning for the collusion requirement). In addition, several courts outside the Tenth Circuit, while not adopting the requirement, have noted the Tenth Circuit's approval of it.  See, e.g., Trial v. Atchison, Topeka & Santa Fe Ry. Co., 896 F.2d 120, 123 n.1 (5th Cir. 1990) ("[The Tenth Circuit] has found that a federal court has jurisdiction over a hybrid action under the RLA only if . . . the employee alleges collusion between the railroad and the union."); Sullivan v. Air Transport Local 501 TWU, No. 03 CV 2644(SJ), 2004 WL 2851785, at *2 (E.D.N.Y. Dec. 6, 2004) (noting that the Tenth and Eighth Circuits require collusion for a hybrid action).

Based on the above cases, the courts agrees with United that, in the Tenth Circuit, a hybrid action must include allegations of collusion or conspiracy between the union and the employer for the court to have jurisdiction.  Here, taking all of plaintiff's well-pled facts as true and resolving all inferences in her favor, the court finds that plaintiff has failed to allege in her complaint any form of collusion or conspiracy between United and AFA.

Plaintiff states in her response and sur-reply that collusion took place and lists several additional allegations.  However, in view of the lack of allegations of collusion or any facts supporting collusion in her complaint, and in view of the fact that United's motion makes a facial attack on the complaint, these conclusory statements and allegations cannot be considered by the court.  See Holt v. U.S., 46 F.3d 1000, 1002-03

(10th Cir. 1995) (stating that when a party makes a facial attack on a complaint's allegations under Rule 12(b)(1), the court is not to go beyond the allegations in the complaint).  Regardless, plaintiff's additional statements and allegations are conclusory, vague, and difficult to discern, and thus insufficient to show collusion between the defendants.  Accordingly, the court finds that plaintiff's claim against United is preempted and must be dismissed for lack of subject matter jurisdiction.

## AFA'S MOTION TO DISMISS

AFA argues plaintiff's claim against it must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Specifically, AFA argues that plaintiff's claim is improperly brought under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because the LMRA is not applicable to AFA.  AFA also argues that plaintiff improperly relied on the LMRA in her statement of venue.  Plaintiff does not address AFA's argument in her response.

 Undisputably, the RLA governs this action.  See 45 U.S.C. § 181 (2012); see also Fechtelkotter v. Air Line Pilots Ass'n, Intern., 693 F.2d 899, 901 (9th Cir. 1992) ("The RLA has governed labor relations of airlines since 1936.").  Accordingly, AFA is correct that plaintiff cannot properly assert her claims under the LMRA.

However, a liberal reading of plaintiff's complaint does not support AFA's contention that plaintiff's claim against AFA is brought under the LMRA.  The relevant parts of the jurisdiction and venue section of plaintiff's complaint states:

> 1. This Court has jurisdiction of the federal claims herein pursuant to Amendment V of the United States Constitution, 28 U.S.C. Section 1331, and [the RLA], 45 U.S.C. §§ 151 et seq., and [the LMRA], 29 USC [sic] § 185.  Plaintiff brings this hybrid action, alleging violation of her rights under the RLA by virtue of a breach of [the CBA] by [United] and a breach of the

14

implied duty of fair representation by [AFA] . . . .

2. Venue is proper in the United States District Court for the District of Colorado pursuant to [the LMRA], 29 U.S.C. § 185.  Plaintiff is a resident of Colorado.

3. This action is a hybrid action involving the breach of the duty of fair representation owed to Plaintiff by AFA, and the breach of contract by United.  Jurisdiction in this Court is established under [the RLA], 45 U.S.C. § 151, et seq.  In the alternative, jurisdiction is proper under the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq., and particularly section 185 . . . .

In paragraph one, plaintiff lists several sources for jurisdiction over her case. While the LMRA is listed, so is the RLA.  In addition, the next sentence states her rights were violated under the RLA, and no other statute is mentioned.  Similarly, the National Labor Relations Act is listed as establishing jurisdiction in paragraph three, but only in the alternative to the RLA.  Therefore, the face of plaintiff's complaint clearly states that the RLA is a source of jurisdiction.  The mere mention of other sources is not enough to justify a dismissal of plaintiff's claim.

The court recognizes that plaintiff relies only on the LMRA for her statement that venue is proper.  However, AFA does not argue that plaintiff has, in fact, brought her action in the wrong venue.  The court will not dismiss plaintiff's complaint simply because she stated that the venue was proper under the LMRA.  Plaintiff invokes the RLA throughout her complaint.  Plaintiff's mistake of relying on the LMRA and not the RLA to establish venue, especially in view of her status as a *pro se* litigant, is technical and inconsequential.  In addition, the LMRA and RLA are substantially similar and often confused.  To dismiss her case for that reason would not serve the interest of justice.

**WHEREFORE,** for the foregoing reasons, it is hereby

15

**RECOMMENDED** that Defendant United Air Lines, Inc.'s Motion to Dismiss with Prejudice (Docket No. 17) be **GRANTED** and plaintiff's second claim be dismissed.  It is further

**RECOMMENDED** that Defendant AFA's Motion to Dismiss (Docket No. 21) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  May 11, 2012                          s/ Michael J. Watanabe
          Denver, Colorado                    Michael J. Watanabe
                                                       United States Magistrate Judge