IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02764-WJM-MJW

KARIN CHRISTINE BREMER,

Plaintiff(s),

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, and
UNITED AIR LINES, INC.,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Pro Se Plaintiff's Motion of Protective Order and Motion to Restrict Access (docket no. 57) and the Pro Se Plaintiff's Motion for Protective Order and Motion to Restrict Access (docket no. 58) are both DENIED for failure to comply with D.C.COLO.LCivR 7.1A and 7.2B and further because the Pro Se Plaintiff has failed to demonstrate "good cause" as required under Fed. R. Civ. P. 26(c) and under Exum v. United States Olympic Comm., 209 F.R.D. 201, 206 (D. Colo. 2002). Each party shall pay their own attorney fees and costs for these above two motions.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986). It is not the proper function of the district court to assume the role of advocate for the pro se litigant. Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

Date:   May 23, 2012