**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02764-WJM-MJW

KARIN CHRISTINE BREMER,

      Plaintiff,

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, and,
UNITED AIRLINES, INC.,

      Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE, AND GRANTING PLAINTIFF
LEAVE TO FILE AN AMENDED COMPLAINT**

---

This matter is before the Court on the May 11, 2012 Recommendation by U.S.

Magistrate Judge Michael J. Watanabe (ECF No. 63) (the "Recommendation") that

Defendant United Air Lines, Inc.'s ("United") Motion to Dismiss with Prejudice (ECF No.

17) be granted, and that Defendant Association of Flight Attendants's (the "AFA")

Motion to Dismiss (ECF No. 21) be denied.  The Recommendation is incorporated

herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

The facts relevant to a resolution of the two Motions to Dismiss are detailed in

the Recommendation.  Briefly, Plaintiff, proceeding *pro se*, was employed as a flight

attendant by Defendant United from January 1, 2006 until she was terminated on April

19, 2007.  (Compl. (ECF No. 1.))  Defendant AFA is a union that Plaintiff was a member

of throughout her employment with United and during the subsequent appeals process

before the United Airlines System Board of Adjustments (the "SBA"). (*Id.*) This lawsuit arises from Plaintiff's claims that her employment with United was wrongfully terminated, and that the AFA subsequently failed to fairly represent her before the SBA. (*Id.*, ¶¶ 16-20.)

Plaintiff's Complaint was filed on November 15, 2011. (*Id.*) Plaintiff brings two claims against Defendants. Plaintiff's first claim asserts that the AFA, as the sole bargaining representative of Plaintiff, breached its duty to fairly represent Plaintiff in her dealings with United. (*Id.*, ¶¶ 21-24.) Plaintiff's second claim asserts that United breached a collective bargaining agreement ("CBA") by terminating Plaintiff without just cause. (*Id.*, ¶¶ 25-28.)

On December 1, 2011, United filed a Motion to Dismiss with Prejudice requesting that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction. (ECF No. 17.) On December 5, 2011, Plaintiff filed her Response to Defendant United's Motion (ECF No. 18), and United filed its Reply to Plaintiff's Response on December 22, 2011 (ECF No. 28).

On December 7, 2011, the AFA filed a Motion to Dismiss requesting that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, does not confer jurisdiction to the Court on this matter.[1] (ECF No. 21.) On December 16, 2011, Plaintiff filed her Response to the AFA's Motion. (ECF No. 24.) Defendant

---

[1]     The AFA initially argued that Plaintiff's claim against it should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service. (ECF No. 21 at 3-6.) However, the AFA has since withdrawn this argument. (ECF No. 50.)

AFA did not file a Reply to its motion; however, AFA did file a Motion to Amend its Motion to Dismiss (ECF No. 50) on April 23, 2012.  The Court entered an Order (ECF No. 54) granting the AFA's Motion to Amend on April 24, 2012.

On May 11, 2012, the Magistrate Judge issued his Recommendation that: (1) United's Motion to Dismiss be granted, and that Plaintiff's second claim for breach on contract against United be dismissed with prejudice; and (2) that the AFA's Motion to Dismiss be denied.  (ECF No. 63 at 15.)  On May 24, 2012, Plaintiff filed a timely Objection to the Recommendation.  (ECF No. 67.)  United filed a Response to Plaintiff's Objection on June 6, 2012.  (ECF No. 68.)

For the reasons stated below: (1) Plaintiff's Objections to the Recommendation are overruled; (2) the Magistrate Judge's Recommendation is adopted in part and rejected in part; (3) Defendant United's Motion to Dismiss is granted, and Plaintiff's second claim against Defendant United is dismissed without prejudice; (4) Defendant AFA's Motion to Dismiss is denied; and (5) Plaintiff is given leave to file an amended complaint on or before September 21, 2012.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction

over the subject matter." Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not

a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that

the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction

rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576,

1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and

may only exercise jurisdiction when specifically authorized to do so).  The burden of

establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v.*

*Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction

"must dismiss the cause at any stage of the proceeding in which it becomes apparent

that jurisdiction is lacking."  *Id*.

        A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of

fact in the complaint, without regard to mere conclusory allegations of jurisdiction."

*Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule

12(b)(1) motion, however, the court may consider matters outside the pleadings without

transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d

1000, 1003 (10th Cir. 1995).  Where a party challenges the facts upon which subject

matter jurisdiction depends, a district court may not presume the truthfulness of the

complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other

documents, and [may even hold] a limited evidentiary hearing to resolve disputed

jurisdictional facts under Rule 12(b)(1)."  *Id*.

        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To

survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as

true, to provide 'plausible grounds' that discovery will reveal evidence to support the

plaintiff's allegations." *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir.

2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The court's

function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for

the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the

allegations are likely to be true; the court must assume them to be true. *See Christy

Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009).

The question is whether, if the allegations are true, it is plausible and not merely

possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v.

Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendation in the instant

case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads her

pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

However, such liberal construction is intended merely to overlook technical formatting

errors and other defects in Plaintiff's use of legal terminology and proper English. *See

Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve

Plaintiff of the duty to comply with various rules and procedures governing litigants and

counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends that: (1) United's Motion to Dismiss be granted, and that Plaintiff's second claim against United be dismissed with prejudice; and (2) the AFA's Motion to Dismiss be denied.  (ECF No. 63 at 15.)  Plaintiff objects to the recommendation that Plaintiff's second claim against United be dismissed with prejudice.  (ECF No. 67 at 1-3.)  The Court will review *de novo* each portion to which a specific objection was made.  Otherwise, the Court will review the Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).

#### 1.      Plaintiff's Objections

Plaintiff brings her second claim against United for termination without just cause in violation of the CBA.  (ECF No. 1, ¶¶ 25-28.)  United argued in its Motion to Dismiss that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because: (1) Plaintiff's claim against United involves a minor dispute which is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*.; and (2) Plaintiff's attempt to circumvent RLA preemption by alleging a "hybrid action" fails.  (ECF No. 17 at 5-9.)

"Congress passed the Railway Labor Act 'to promote stability in labor management relations by providing a comprehensive framework for resolving labor

disputes.'"   *Ertle v. Cont'l Airlines, Inc.*, 136 F.3d 690, 693 (10th Cir. 1998) (quoting

*Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)).  The RLA creates "a

mandatory arbitral mechanism to handle disputes 'growing out of grievances or out of

the interpretation or application of agreements concerning rates of pay, rules, or

working conditions.'"  *Norris*, 512 U.S. at 248 (internal citation omitted).  The RLA

distinguishes two classes of disputes: minor disputes and major disputes.  *See Ertle*,

136 F.3d at 693.  Major disputes involve "the formation of collective bargaining

agreements or efforts to secure them."  *Norris*, 512 U.S. at 252. Minor disputes involve

"disagreements over the meaning of a bargained-for labor agreement."  *Id*. at 252-53.

Accordingly, "major disputes seek to create contractual rights," while minor disputes

"seek to enforce them."  *Id*. at 253.  Minor disputes "must be resolved only through the

RLA mechanisms" and, therefore, federal courts lack subject matter jurisdiction to

adjudicate these matters.  *Bhd. of Maint. of Way Emps. Div./ITB v. Union P. R.R. Co.*,

460 F.3d 1277, 1283 (10th Cir. 2006).

Plaintiff objects to the Recommendation's finding that her claim against United is

a minor dispute.  (ECF No. 67 at 4-13.)  As stated above, Plaintiff's claim against United

is for employment termination without just cause, and seeks to enforce a contractual

right under the CBA.  (ECF No., ¶¶ 25-28.)  Therefore, the Court agrees with the

Magistrate Judge that Plaintiff's claim against United is a minor dispute.  *See Fry v.*

*Airlines Pilots Ass'n, Intern*., 88 F.3d 831, 836 (10th Cir. 1996) ("[C]laims are minor

disputes if they depend not only on a right found in the CBAs, but also if they implicate

practices, procedures, implied authority, or codes of conduct that are part of the

working relationship.").

However, Plaintiff identifies her Complaint as a "hybrid action" which falls under an exception to the preemption of minor disputes.  (ECF No. 1, ¶ 3.)  This "hybrid" exception under RLA jurisprudence is "a judicially created exception to the general rule that an employee is bound by the result of grievance or arbitration remedial procedures provided in a collective-bargaining agreement."  *Edwards v. Int'l Union, United Plant Guard Works of Am.*, 46 F.3d 1047, 1051 (10th Cir. 1995).  "In a typical 'hybrid' claim, an employee claiming wrongful discharge in violation of the collective bargaining agreement argues that the 'employer breached a collective-bargaining agreement and the union breached its duty of fair representation' in connection with the grievance process the employee followed after his discharge."  *Repstine v. Burlington N., Inc.*, 149 F.3d 1068, 1071 (10th Cir. 1998) (quoting *Edwards*, 46 F.3d at 1050).  Accordingly, the "employee's unfair representation claims against his union and the underlying [breach of the duty of fair representation] claim against his employer are 'inextricably interdependent.'"  *Edwards*, 46 F.3d at 1051 (quoting *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983)).

Therefore, if Plaintiff states a hybrid claim, the Court does not lack jurisdiction.  *See Edwards*, 46 F.3d at 1051-52.  However, in the Tenth Circuit, a hybrid claim under the RLA must also allege some degree of collusion or conspiracy between the union and the employer.  *See Hodges v. Atchison, Topeka & Santa Fe Ry. Co.*, 728 F.2d 414, 417 (10th Cir. 1984) (hybrid claim dismissed in part because employee failed to allege any collusion between the union and the employer to effect his discharge); *Chandler v.*

*Am. Airlines, Inc.*, No 91-5079, 1992 WL 72955, at *2 n.1 (10th Cir. Apr. 10, 1992)

("[The plaintiff's] reference in his complaint to collusion between [the employer] and [the

union] is conclusory and vague and does not support an allegation of collusion.");

*Robinson v. Public Law* Bd. *No. 5914*, 63 F. Supp. 2d 1266, 1271 (D. Colo. 1999)

(hybrid claim dismissed where plaintiff "fails to make any allegations or state any facts

suggesting collusion between the Union and the Railroad.").

Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff has failed to

allege any form of collusion or conspiracy between Defendants United and AFA.[2]

Accordingly, Plaintiff's claim against United must be dismissed for this reason.  (ECF

No. 63 at 12.)  The Court will not, however, dismiss Plaintiff's claim against United with

prejudice.  While Plaintiff did not allege collusion between the two Defendants in her

Complaint, Plaintiff does mention several allegations of collusion in her briefs

responding to United's Motion to Dismiss, and in her Objection.  (ECF Nos. 18 at 1-4;

67 at 4-5.)  Therefore, because Plaintiff is proceeding *pro se* and has yet to file an

amended complaint in this action, Plaintiff is given leave to file an amended complaint

on or before September 21, 2012.   Plaintiff is on notice that to survive another motion

to dismiss her amended complaint must include specific factual allegations of alleged

collusion between the Defendants regarding her claims against United. *See Triplett v.*

*LeFlore Cnty.*, 712 F.2d 444, 446 (10th Cir. 1983) ("In dismissing a complaint for failure

---

[2]       Plaintiff argues in her Objection that collusion took place between the
Defendants which satisfies her burden for bringing a hybrid claim under the RLA. (ECF No. 67
at 4-13.) Plaintiff also makes a number of arguments in her Objection that are not relevant to
the Recommendation, such as referencing the Americans with Disabilities Act and Title VII. (*Id.*
at 10-12.)

to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting 3 James W. Moore, Federal Practice and Procedure ¶ 15.10 (1983)).

### 2. Findings Without Objection

No party has objected to the recommendation of the Magistrate Judge that the AFA's Motion to Dismiss be denied. (ECF No. 63 at 15.) The Court has reviewed this ruling and finds no clear error in the Magistrate Judge's determination. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Accordingly, the Recommendation is adopted with respect to Plaintiff's claim against the AFA.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Objections (ECF No. 67) to the Magistrate Judge's May 11, 2012 Recommendation (ECF No. 63) are OVERRULED, and the Magistrate Judge's Recommendation is ADOPTED IN PART and REJECTED IN PART;

2.    Defendant United's Motion to Dismiss (ECF No. 17) is GRANTED;

3.    Plaintiff's Second Claim against United is DISMISSED WITHOUT PREJUDICE;

4.    Defendant AFA's Motion to Dismiss (ECF No. 21) is DENIED; and

5.    Plaintiff is given leave to file an amended complaint on or before September 21, 2012.

Dated this 23rd day of August, 2012.

BY THE COURT:

William J. Martínez
United States District Judge