IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02764-WJM-MJW

KARIN CHRISTINE BREMER,

Plaintiff(s),

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, and
UNITED AIR LINES, INC.,

Defendant(s).

---

**RECOMMENDATION ON
(1) DEFENDANT UNITED AIR LINES, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Docket No. 86)
AND
(2) DEFENDANT AFA'S MOTION TO STRIKE PLAINTIFF BREMER'S AMENDED COMPLAINT (Docket No. 91)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 2) issued by Judge William J. Martinez on October 26, 2011.

The facts alleged by plaintiff in her original Complaint are summarized in this court's previous report and recommendation (Docket No. 63) as well as in Judge Martinez's Order Adopting in Part and Rejecting in Part the Recommendation of the United States Magistrate Judge, and Granting Plaintiff Leave to File an Amended Complaint, entered on August 23, 2012 (Docket No. 76). Those facts are incorporated herein.

In the August 23, 2012, Order (Docket No. 76), Judge Martinez granted

2

defendant United Air Lines, Inc.'s ("United") Motion to Dismiss (Docket No. 17), dismissed plaintiff's second claim against United without prejudice, denied defendant Association of Flight Attendants - CWA's ("AFA") Motion to Dismiss (Docket No. 21), and granted plaintiff leave to file an amended complaint on or before September 21, 2012 (Docket No. 76 at 10).

Judge Martinez dismissed plaintiff's claim against United because plaintiff had failed to allege any form of collusion or conspiracy between defendants United and AFA.[1] Such dismissal, however, was without prejudice. Judge Martinez noted that "[w]hile Plaintiff did not allege collusion between the two Defendants in her Complaint, Plaintiff [did] mention several allegations of collusion in her briefs responding to United's Motion to Dismiss, and in her Objection. (ECF Nos. 18 at 1-4; 67 at 4-5.) Therefore, because Plaintiff is proceeding *pro se* and has yet to file an amended complaint in this action, Plaintiff is given leave to file an amended complaint on or before September 21, 2012." (Docket No. 76 at 9). Plaintiff was put on notice in that Order "that to survive another motion to dismiss her amended complaint must include specific factual allegations of alleged collusion between the Defendants regarding her claims against United. *See Triplett v. LeFlore Cnty.*, 712 F.2d 444, 446 (10th Cir. 1983) ("In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting 3 James W.

---

[1] Judge Martinez noted that plaintiff "argue[d] in her Objection that collusion took place between the Defendants which satisfie[d] her burden for bringing a hybrid claim under the RLA" and also made "a number of arguments in her Objection that are not relevant to the Recommendation, such as referencing the Americans with Disabilities Act and Title VII." (Docket No. 76 at 9 n.2).

3

Moore, Federal Practice and Procedure ¶ 15.10 (1983))." (Docket No. 76 at 9-10).

On September 21, 2012, plaintiff moved to amend her Complaint (Docket No. 81), and following a hearing (Docket No. 90), that motion was granted, and the Amended Complaint (Docket No. 89) was accepted for filing. Now before the court for a report and recommendation are the following two motions: (1) Defendant United Air Lines, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 86) and (2) Defendant AFA's Motion to Strike Plaintiff Bremer's Amended Complaint (Docket No. 91). Plaintiff filed a Response to United's motion (Docket No. 93), and United filed a Reply (Docket No. 94). Plaintiff did not respond to AFA's motion. The court has very carefully considered all of these motions papers as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions of law, and recommendations.

**United's Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." <u>Sutton v. Utah State Sch. for the Deaf & Blind</u>, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. <u>See</u> <u>Christy Sports, LLC v. Deer Valley Resort Co., Ltd.</u>, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. <u>See</u> <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008).

The court is also mindful of plaintiff's *pro se* status, and accordingly, reads her pleadings and filings liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in plaintiff's use of legal terminology and proper English. <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the court will treat plaintiff according to the same standard as counsel licensed to practice law before the bar of this court. <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

As Judge Martinez previously explained, "Congress passed the Railway Labor Act 'to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes.'" <u>Ertle v. Cont'l Airlines, Inc.</u>, 136 F.3d 690, 693 (10th Cir. 1998) (quoting <u>Hawaiian Airlines, Inc. v. Norris</u>, 512 U.S. 246, 252 (1994)). The RLA creates "a mandatory arbitral mechanism to handle disputes 'growing out of

5

grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" Norris, 512 U.S. at 248 (internal citation omitted). The RLA distinguishes two classes of disputes: minor disputes and major disputes. See Ertle, 136 F.3d at 693. Major disputes involve "the formation of collective [bargaining] agreements or efforts to secure them." Norris, 512 U.S. at 252. Minor disputes involve disagreements "over the meaning of an existing collective bargaining agreement in a particular fact situation." Id. at 252-53. Accordingly, "major disputes seek to create contractual rights," while minor disputes "seek to enforce them." Id. at 253. Minor disputes "must be resolved only through the RLA mechanisms" and, therefore, federal courts lack subject matter jurisdiction to adjudicate these matters. Bhd. of Maint. of Way Emps. Div./ITB v. Union P. R.R. Co., 460 F.3d 1277, 1283 (10th Cir. 2006).

Judge Martinez has already determined that the plaintiff's claim against United is a minor dispute, noting that it is for employment termination without just cause and seeks to enforce a contractual right under the CBA. See Fry v. Airlines Pilots Ass'n, Intern., 88 F.3d 831, 836 (10th Cir. 1996) ("[C]laims are minor disputes if they depend not only on a right found in the CBAs, but also if they implicate practices, procedures, implied authority, or codes of conduct that are part of the working relationship."). Judge Martinez, however, further noted that plaintiff identifies her Complaint as a "hybrid action," which falls under an exception to the preemption of minor disputes. Such "hybrid" exception under RLA jurisprudence is "a judicially created exception to the general rule that an employee is bound by the result of grievance or arbitration remedial procedures provided in a collective-bargaining agreement." Edwards v. International Union, United Plant Guard Works of Am., 46 F.3d 1047, 1051 (10th Cir. 1995). "In a

6

typical 'hybrid' claim, an employee claiming wrongful discharge in violation of the collective bargaining agreement argues that the 'employer breached a collective-bargaining agreement and the union breached its duty of fair representation' in connection with the grievance process the employee followed after his discharge." Repstine v. Burlington N., Inc., 149 F.3d 1068, 1071 (10th Cir. 1998) (quoting Edwards, 46 F.3d at 1050). Accordingly, the "employee's unfair representation claims against his union and the underlying [breach of the duty of fair representation] claim against his employer are 'inextricably interdependent.'" Edwards, 46 F.3d at 1051 (quoting DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983)).

In the Tenth Circuit, a hybrid claim under the RLA must also allege some degree of collusion or conspiracy between the union and the employer. See Hodges v. Atchison, Topeka & Santa Fe Ry. Co., 728 F.2d 414, 417 (10th Cir. 1984) (hybrid claim dismissed in part because employee failed to allege any collusion between the union and the employer to effect his discharge); Chandler v. American Airlines, Inc., No 91-5079, 1992 WL 72955, at *2 n.1 (10th Cir. Apr. 10, 1992) ("[The plaintiff's] reference in his complaint to collusion between [the employer] and [the union] is conclusory and vague and does not support an allegation of collusion."); Robinson v. Public Law Bd. No. 5914, 63 F. Supp.2d 1266, 1271 (D. Colo. 1999) (hybrid claim dismissed where plaintiff "fails to make any allegations or state any facts suggesting collusion between the Union and the Railroad.").

This court agrees with United that in her Amended Complaint (Docket No. 89), plaintiff has once again failed to allege any facts to support alleged collusion or conspiracy between defendants United and AFA. As noted above, Judge Martinez put

7

plaintiff on notice that to survive another motion to dismiss, her Amended Complaint must include specific factual allegations of alleged collusion between the defendants regarding her claims against United. Despite this explicit warning, in her Amended Complaint, plaintiff merely states the following with respect to any alleged collusion between the defendants: "('United') intentional collusion with ('AFA') from beginning creating false evidence under false pretenses to then establish a just cause falsely to terminate Plaintiff discriminatorily **(see exhibit 24-28 ('AFA' & 'United') had medical information before arbitration).**" (Docket No. 89 at 30, ¶ 52) (words in parentheses and emphasis in bold and underscore in original). The court has reviewed the exhibits referenced in this paragraph of the Amended Complaint and cannot discern how they show collusion between the defendants. Exhibits 24 and 25 (Docket No. 81-2 at 24-25) are a Medical Questionnaire form for the Illinois Department of Human Rights apparently completed by Dr. Burgard as part of plaintiff's administrative charge of discrimination against United. Exhibit 26 (Docket No. 81-2 at 26) is the State of Illinois Department of Human Rights Investigation Report which recommended a finding of a lack of jurisdiction. Exhibit 27 (Docket No. 81-2 at 27) is a letter from Dr. Mody dated September 13, 2007, concerning plaintiff's surgery in June 2007 (after her discharge from United) and the lack of restrictions that would prevent her from returning to flying status. Finally, Exhibit 28 (Docket No. 81-2 at 28) is an undated later from Dr. Burgard concerning plaintiff's June 2007 surgery (which again was after plaintiff's discharge from United), recovery, and lack of restrictions in returning to work. While plaintiff apparently cites to these exhibits to show that both defendants had her medical information before

arbitration, she does not explain why having such information supports an allegation of collusion between the defendants. As correctly noted by United in its Reply (Docket No. 94), in her Response (Docket No. 93), plaintiff raises some new assertions which are not in her Amended Complaint. Yet again, however, these additional statements and allegations are conclusory, vague, and difficult to discern and are insufficient to show collusion between the defendants. In sum, this court finds that the plaintiff has not satisfied her burden of asserting specific facts showing collusion between United and the AFA. Therefore, it is recommended that United's motion to dismiss be granted.

**AFA'S MOTION TO STRIKE COMPLAINT**

Defendant AFA moves to strike the Amended Complaint pursuant to Fed. R. Civ. P. 12(f) for failure to comply with Fed. R. Civ. P. 8(d) and 10(b). Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 8(d) requires each allegation in a pleading to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . ." Fed. R. Civ. P. 10(b). In addition, the court notes that Rule 8(a)(2) also provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8; thus, in order for a plaintiff to state a claim in federal court, the 'complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific

9

legal right the plaintiff believes the defendant violated.'" LaForce v. Wells Fargo Bank, N.A., 2011 WL 7431490, at *6 (D. Colo. Aug. 10, 2011) (quoting Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)), adopted, 2012 WL 651859 (D. Colo. Feb. 29, 2012).

Here, defendant AFA asserts that plaintiff's "32-page Amended Complaint consists of 53 paragraphs. However, the bulk of her factual allegations are contained in just two rambling, difficult to follow paragraphs. Paragraph 44 goes on for 2 and ½ pages, and paragraph 45 in Bremer's Amended Complaint consists of an 11 page narrative. Neither paragraph is 'limited as far as practicable to a single set of circumstances. . . . [which] cannot be construed as 'simple, concise, and direct' as required by [Rule] 8(d)(1)." (Docket No. 91 at 2, ¶ 6). Furthermore, AFA contends that plaintiff's "incoherent pleading makes it so confusing that AAFA is prejudiced by having to 'guess' at Bremer's allegations. In addition, neither the court nor AFA should be compelled to cull through pages of rambling narrative, argument, and needless digress to discover the factual bases for Bremer's claims." (Docket No. 91 at 2-3, ¶ 8). Defendant AFA further asserts that "based on the incoherence of the facts pled by Bremer in her Amended Complaint, it is impossible for AFA to know what it purportedly did wrong such that it could begin to formulate a defense." (Docket No. 91 at 3, ¶ 9). In addition, defendant AFA correctly notes that "paragraphs 7 through 9 and 11 through 41 of Bremer's Amended Complaint contain references to cases interpreting the [RLA], RLA stautory history, and references to unidentified collective bargaining agreements" and thus asserts these cited materials are not facts pertinent to her claims, are unnecessary to the issue in question, and are therefore immaterial.

This court agrees with defendant AFA that as accurately described above, the Amended Complaint in many respects does not comply with Rules 8 and 12.  It does not set forth a short and plain statement of her claims showing that she is entitled to relief.  It is thus recommended that the Amended Complaint be stricken, and if the recommendation above concerning defendant United is approved, that the plaintiff be directed to file a Second Amended Complaint solely as against defendant AFA that complies with Rules 8 and 10.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant United Air Lines, Inc.'s Motion to Dismiss (Docket No. 86) be **granted**.  It is further

**RECOMMENDED** that Defendant AFA's Motion to Strike Plaintiff Bremer's Amended Complaint (Docket No. 91) be **granted** and that the plaintiff be directed to file a Second Amended Complaint solely as against defendant AFA that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

11

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  May 31, 2013                       s/ Michael J. Watanabe
       Denver, Colorado                  Michael J. Watanabe
                                       United States Magistrate Judge