IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02764-WJM-MJW

KARIN CHRISTINE BREMER,

    Plaintiff,

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, and,
UNITED AIRLINES, INC.,

    Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

---

This matter is before the Court on the May 31, 2013 Recommendation by U.S. Magistrate Judge Michael J. Watanabe (ECF No. 105) (the "Recommendation") that Defendant United Air Lines, Inc.'s ("United") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 86), and that Defendant Association of Flight Attendants' ("AFA") Motion to Strike (ECF No. 91) (together, the "Motions") be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I. BACKGROUND

**A.    Factual Background**

The facts relevant to a resolution of the present Motions are detailed in the Recommendation. (ECF No. 105 at 1-2.) Briefly, and as pled in the Amended Complaint, Plaintiff was employed as a flight attendant by Defendant United from

January 1, 2006 until she was terminated on April 19, 2007. (ECF No. 89 at 23.) Defendant AFA is a union of which Plaintiff was a member throughout her employment with United, and during the subsequent appeals process before the United Airlines System Board of Adjustments (the "SBA"). (*Id.*) This lawsuit arises from Plaintiff's claims that her employment with United was wrongfully terminated, and that the AFA subsequently failed to fairly represent her before the SBA.

### B. Procedural Background

Plaintiff's Amended Complaint was filed on October 16, 2012. (ECF No. 89.) Plaintiff brings two claims against Defendants. Plaintiff's first claim asserts that the AFA, as the sole bargaining representative of Plaintiff, breached its duty to fairly represent Plaintiff in her dealings with United. (*Id.* at 28.) And Plaintiff's second claim asserts that United breached a collective bargaining agreement ("CBA") by terminating Plaintiff without just cause.[1] (*Id.* at 29.)

On October 11, 2012, United filed a Motion to Dismiss with Prejudice requesting that the Court dismiss all claims pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 86.) Plaintiff filed a Response to United's Motion (ECF No. 93), and United filed a Reply (ECF No. 94). On October 30, 2012, the AFA filed a Motion to Strike Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 8(d) and 10(b). (ECF No. 91.) Plaintiff did not respond to AFA's Motion.

On May 31, 2013, the Magistrate Judge issued his Recommendation that granted: (1) Defendant United Air Lines, Inc.'s Motion to Dismiss Plaintiff's Amended

---

[1] The Court notes that Plaintiff's second claim is, in substance, a hybrid claim, being an exception to preemption under the Railway Labor Act ("RLA"). This is addressed on page 6.

Complaint (ECF No. 86); and (2) Defendant AFA's Motion to Strike Plaintiff. (ECF No. 91.) Plaintiff then filed a timely Objection to the portion of the Recommendation granting United's Motion to Dismiss on June 24, 2013. (ECF No. 107.) United filed a Response to Plaintiff's Objection on June 26, 2013. (ECF No. 108.) No Objection has been filed by Plaintiff with respect to the portion of the Recommendation granting the AFA's Motion to Strike. (ECF No. 86.)

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

An objection must be both timely and specific. *Marotta v. Rocco–McKeel and The City and County of Denver* 2011 WL 4536972 at *1 (D. Colo. Sept. 20, 2011), *citing U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). To be sufficiently specific, an objection must enable "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *U.S. v. One Parcel of Real Property Known as 2121 East 30th Street*, 73 F.3d at 1059 (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

If a party fails to make an explicit objection to a factual or legal determination or objects improperly, "the Court has discretion to review the recommendation under whatever standard it deems appropriate." *Marotta*, 2011 WL 4536972 at *1, *citing*

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## III.  ANALYSIS

The Magistrate Judge recommends that both Motions be granted in favor of Defendants.  Because AFA's Motion to Strike (ECF No. 91) is without objection, the Court will review this portion of the Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).

However, the standard of review relevant to United Motion's to Dismiss is not free from doubt.  (ECF No. 94)  On the one hand, Plaintiff's objections do not go directly to the 'heart' of the parties' dispute—addressing, *inter alia*, due process claims that were not a subject of the Recommendation.  On the other, Plaintiff has filed a timely objection with some limited references to the Recommendation.  Irrespective, the Court finds that Plaintiff would not succeed under either standard and, as such, will examine the Recommendation at the more exacting standard: *de novo* review.  This is where the Court now turns.

### A.     United's Motion to Dismiss under Rule 12(b)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads her pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such "liberal construction" is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); s*ee also McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that "*pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants").

### 1.    Analysis of United's Motion to Dismiss: Collusion

Plaintiff brings her claim against United for termination without just cause in violation of the CBA.  United argues that the claim should be dismissed because it is not sufficiently pled.

To provide necessary context for Plaintiff's claim, it is important to address the purpose of the Railway Labor Act ("RLA")*,* 45 U.S.C. §§ 151 *et seq.*  Specifically, the

RLA creates "a mandatory arbitral mechanism to handle disputes 'growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" *Norris*, 512 U.S. at 248 (internal citation omitted). The RLA was enacted "to promote stability in labor management relations by providing a comprehensive framework for resolving labor disputes.'" *Ertle v. Cont'l Airlines, Inc.*, 136 F.3d 690, 693 (10th Cir. 1998) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)).

The RLA distinguishes two classes of disputes: minor disputes and major disputes. *See Ertle*, 136 F.3d at 693. Major disputes involve "the formation of collective bargaining agreements or efforts to secure them." *Norris*, 512 U.S. at 252. Minor disputes involve "disagreements over the meaning of a bargained-for labor agreement." *Id.* at 252-53. Accordingly, "major disputes seek to create contractual rights," while minor disputes "seek to enforce them." *Id.* at 253. Minor disputes "must be resolved only through the RLA mechanisms" and, therefore, federal courts lack subject matter jurisdiction to adjudicate these matters. *Bhd. of Maint. of Way Emps. Div./ITB v. Union P. R.R. Co.*, 460 F.3d 1277, 1283 (10th Cir. 2006).

A "hybrid" claim, however, is an exception to preemption for minor disputes. *Edwards v. Int'l Union, United Plant Guard Works of Am.*, 46 F.3d 1047, 1051 (10th Cir. 1995). Plaintiff, here, has pled a hybrid claim. (ECF No. 89 at 30.) The "hybrid" exception, under RLA jurisprudence, is "a judicially created exception to the general rule that an employee is bound by the result of grievance or arbitration remedial procedures provided in a collective-bargaining agreement." *Id.* "In a typical 'hybrid' claim, an employee claiming wrongful discharge in violation of the collective bargaining

agreement argues that the 'employer breached a collective-bargaining agreement and the union breached its duty of fair representation' in connection with the grievance process the employee followed after his discharge." *Repstine v. Burlington N., Inc.*, 149 F.3d 1068, 1071 (10th Cir. 1998) (quoting *Edwards*, 46 F.3d at 1050).

Pursuant to Tenth Circuit authority, a hybrid claim under the RLA must also allege some degree of *collusion or conspiracy* between the union and the employer. (*emphasis added.*) See *Hodges v. Atchison, Topeka & Santa Fe Ry. Co.*, 728 F.2d 414, 417 (10th Cir. 1984) (hybrid claim dismissed in part because employee failed to allege any collusion between the union and the employer to effect his discharge); *Chandler v. Am. Airlines, Inc.*, 1992 WL 72955, at *2 n.1 (10th Cir. Apr. 10, 1992) ("[The plaintiff's] reference in his complaint to collusion between [the employer] and [the union] is conclusory and vague and does not support an allegation of collusion."); *Robinson v. Public Law* Bd. *No. 5914*, 63 F. Supp. 2d 1266, 1271 (D. Colo. 1999) (hybrid claim dismissed where plaintiff "fails to make any allegations or state any facts suggesting collusion between the Union and the Railroad.").

Here, the key issue is whether Plaintiff's hybrid claim satisfies Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Magistrate Judge Watanabe found in the negative.  The Court agrees.  The Recommendation reiterates what has been stated in previous Orders of this Court—*i.e.* that to "survive another motion to dismiss" Plaintiff's Amended Complaint was required to "include specific allegations of the alleged collusion between the defendants."  (ECF No. 105 at 6-7.)  Previously granting Plaintiff leave to file an Amended Complaint thus afforded her a 'second bite of the apple'.

In examining the Amended Complaint, the Magistrate Judge identified the

following paragraph as purportedly supporting Plaintiff's hybrid claim:

> United's (*sic*) intentional collusion with ('AFA') from beginning creating (*sic*) false evidence under false pretenses to then establish a just cause falsely to terminate Plaintiff discriminatorily **(see exhibit 24-28 ('AFA' & 'United' had medical information before arbitration)**.

(ECF No. 105 at 7) (words in parentheses and emphasis in bold and underscore in original). This paragraph in itself does not satisfy Rule 12(b)(6) requirement, even on a liberal reading of the pleading. It is conclusory in every sense of the word. It fails to tie the assertions of collusion with Plaintiff's medical information, let alone any other fact that would be relevant to the claim. *Chandler*, 1992 WL 72955, at *2 n.1.

Nor does reference to the five exhibits save Plaintiff's position. Magistrate Judge Watanabe found as much—and, after reviewing each of the exhibits, summarized same as follows:

> *Exhibits 24 and 25 (ECF No. 81-2 at 24-25) are a Medical Questionnaire form for the Illinois Department of Human Rights apparently completed by Dr. Burgard as part of plaintiff's administrative charge of discrimination against United. Exhibit 26 (ECF No. 81-2 at 26) is the State of Illinois Department of Human Rights Investigation Report which recommended a finding of a lack of jurisdiction. Exhibit 27 (ECF No. 81-2 at 27) is a letter from Dr. Mody dated September 13, 2007, concerning plaintiff's surgery in June 2007 (after her discharge from United) and the lack of restrictions that would prevent her from returning to flying status. Finally, Exhibit 28 (ECF No. 81-2 at 28) is an undated later from Dr. Burgard concerning plaintiff's June 2007 surgery (which again was after plaintiff's discharge from United), recovery, and lack of restrictions in returning to work.*

(*Id.*) Ultimately, the Recommendation found that while Plaintiff cited the exhibits to show that Defendants had knowledge of Plaintiff's medical information, the pleading fails to state how United and AFA allegedly colluded, and the relevance of the medical information to the claim itself. (*Id.* at 8.) Under *de novo review*—and despite the Court's request for heightened specificity—Plaintiff has failed to conform with this

directive. See *Shero*, 510 F.3d at 1200 (*citing Twombly,* 550 U.S. at 570.); see also *McKenzie v. AAA Auto Family Ins. Co.*, 2010 WL 3718861, *3 (D. Kan. 2010) (stating that "the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice depends upon the type of case")

Accordingly, the Court dismisses Plaintiff's claim against United for failure to plead facts showing collusion between United and the AFA. The Recommendation, with respect to this claim, is adopted in its entirely. And given that this is Plaintiff's second opportunity to correct deficiencies in the pleadings, the Court dismisses the claim against United with prejudice. See *Robbins*, 519 F.3d at 1248.

### B. AFA's Motion to Strike

Defendant AFA moves to strike the Amended Complaint pursuant to Fed. R. Civ. P. 12(f) for failure to comply with Fed. R. Civ. P. 8(d) and 10(b).

Rule 8(d) requires each allegation in a pleading to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). In addition, Rule 8(a)(2) provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . ." Fed. R. Civ. P. 10(b). Rule 12(f) further provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

#### 1. Analysis of the AFA's Motion to Strike

Because Plaintiff has not filed an Objection, the Court need only review this

portion of the Recommendation for clear error. Here, none exists.[2]

In finding against Plaintiff, the Magistrate Judge's review of the Amended Complaint focused on paragraph 44 and 45. The first of these paragraphs runs for 2 and ½ pages, and the second runs for 11 pages. The passages are not simple, concise and direct; rather, they reflect a stream of consciousness with many facts mashed together in a vague and convoluted manner. These are not errors in syntax which would afford liberal construction, but fundamental deficiencies that fail to conform with Fed. R. Civ. P. 8 or 10.

As Magistrate Judge Watanabe points out, "neither the court nor AFA should be compelled to cull through pages of rambling narrative, argument, and needless digress to discover the factual bases for Bremer's claims." (ECF No. 105 at 9.) The Court agrees. The Magistrate Judge's Recommendation, with respect to the Motion to Strike, is adopted in its entirety.

Accordingly, because the Court adopts the Recommendation that the Amended Complaint be stricken—and because the Recommendation above concerning Defendant United is also approved—the Court directs that Plaintiff file a Second Amended Complaint *solely* as against Defendant AFA that complies with Rules 8 and 10 by no later than **July 19, 2013**.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Objections (ECF No. 107) to the Magistrate Judge's May 13,

---

[2] As stated earlier in this Order, even if an objection had been filed, and the Court reviewed the Motion to Strike under *de novo* review, the same result would follow.

2013 Recommendation (ECF No. 105) are OVERRULED, and the Magistrate Judge's Recommendation is ADOPTED;

2. Defendant United's Motion to Dismiss (ECF No. 86) is GRANTED WITH PREJUDICE;

3. Defendant AFA's Motion to Strike (ECF No. 91) is GRANTED; and

4. Plaintiff is given leave to file an amended complaint on or before July 19, 2013 solely as against Defendant AFA that complies with Rules 8 and 10 as stated in this Order.

Dated this 1st day of July, 2013.

BY THE COURT:

William J. Martínez
United States District Judge