IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02764-WJM-MJW


KARIN CHRISTINE BREMER,

Plaintiff(s),

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA,

Defendant(s).

---

## RECOMMENDATION ON
## DEFENDANT AFA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b)
## (Docket No. 122)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned by an Order Referring Case entered

by Judge William J. Martinez on October 26, 2011 (Docket No. 2).

## BACKGROUND

Plaintiff commenced this action on October 24, 2011.  (Docket No. 1).  In an

Order filed on August 23, 2012 (Docket No. 76), Judge Martinez granted defendant

United Air Lines, Inc.'s ("United") Motion to Dismiss (Docket No. 17), dismissed

plaintiff's second claim against United without prejudice, denied defendant Association

of Flight Attendants - CWA's ("AFA") Motion to Dismiss (Docket No. 21), and granted

plaintiff leave to file an amended complaint on or before September 21, 2012 (Docket

No. 76 at 10).  On September 21, 2012, plaintiff moved to amend her Complaint (Docket

No. 81).  On October 11, 2012, United filed a motion to dismiss the Amended

Complaint.  (Docket No. 86).  Following a hearing (Docket No. 90), this court found that "[a]lthough the document (Docket No. 81-1) is styled Motion for Leave to File an Amended Complaint, the document is deemed to be the Plaintiff's AMENDED COMPLAINT and is therefore accepted for filing as of October 16, 2012.  This Amended Complaint shall be the operative pleading in this case."  (Docket No. 90).  The court also set a briefing schedule on United's motion to dismiss.  (See Docket No. 90).  On October 30, 2012, AFA filed a motion to strike the Amended Complaint on the grounds that it failed to comply with Fed. R. Civ. P. 8 and 10.  (Docket No. 91).

On May 31, 2013, I issued a report and recommendation ("Recommendation") in which it was recommended that United's motion to dismiss and AFA's motion to strike both be granted and that the plaintiff be directed to file a Second Amended Complaint solely as against defendant AFA that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  (Docket No. 105).  On July 1, 2013, Judge Martinez overruled plaintiff's objections to the Recommendation, adopted the Recommendation, granted United's motion to dismiss with prejudice, granted AFA's motion to strike, and gave plaintiff "leave to file an amended complaint on or before July 19, 2013 solely as against Defendant AFA that complies with Rules 8 and 10 as stated in this Order."  (Docket No. 109).  Rather than filing an amended pleading as directed by Judge Martinez, however, plaintiff instead filed a motion for reconsideration, which was entitled, "Plaintiff Motion to Appeal Document [109] dated 01July, 2013 and Judicial Notice and Rule 60 (b) Restore Suit to Original Trial Calender [sic]" (Docket No. 111) to which plaintiff filed an "Amended Update" on August 13, 2013 (Docket No. 114).  On November 4, 2013,

3

Judge Martinez denied plaintiff's motion for reconsideration, stating:

> In this Circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's Motion for Reconsideration fails to meet any of these standards. Instead, it simply reargues issues that were already raised in Plaintiff's Objections to the Recommendation of United States Magistrate Judge. The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Id.* Accordingly, Plaintiff's Motion for Reconsideration is DENIED. SO ORDERED

(Docket No. 115).  Later that day, this court issued a Minute Order (Docket No. 116)

giving plaintiff until November 22, 2013, to file an Amended Complaint solely as against

defendant AFA that complies with Rules 8 and 10 as stated in Judge Martinez's Order

of July 1, 2013 (Docket No. 109).  This court noted in that Minute Order that in the event

plaintiff timely filed such an Amended Complaint, a further Scheduling Conference

would be set.  (Docket No. 116).  Plaintiff filed an objection and a brief to that Minute

Order (Docket Nos. 117 and 119) to which United responded (Docket No. 121).  Judge

Martinez, however, overruled plaintiff's objection, stating:

> Plaintiff's Objection merely reiterates arguments which have already been addressed not only by Magistrate Judge Watanabe but also by Judge Martínez. Having reviewed the relevant parts of the record, the Court finds that the Magistrate Judge's reasoning for his Minute Order is not clearly erroneous or contrary to law.
>
> Furthermore, even construing Plaintiff's Objection liberally as a Motion for Reconsideration, Plaintiff provides no basis to reconsider the Court's Orders. In this Circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's Objection, even if viewed as a Motion for Reconsideration, fails to meet any of these

4

standards. Instead, Plaintiff merely reargues issues that have already raised and addressed. The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Id.*

In sum, the Court concludes that the Magistrate Judge's reasoning is not clearly erroneous or contrary to law, nor does Plaintiff's Objection meet the necessary standards enabling the Court to reconsider its rulings. Thus, Plaintiff has failed to provide any grounds upon which the Objection can be sustained. Accordingly, the Plaintiff's Objection (ECF No. 117) is OVERRULED.

(Docket No. 124 - Order filed January 13, 2014).  Plaintiff subsequently filed a Notice of

Appeal of this Order.  (Docket No. 126).

To date, plaintiff has not filed a Second Amended Complaint as directed by

Judge Martinez over eight months ago on July 1, 2013 (Docket No. 109).

## DEFENDANT AFA'S MOTION TO DISMISS

Defendant AFA now seeks dismissal of this action with prejudice pursuant to

Fed. R. Civ. P. 41(b) based upon the plaintiff's  willful failure to comply with the court's

multiple orders providing her an opportunity to file an Amended Complaint.  Plaintiff has

not filed a response.  The court has considered the very thorough motion, applicable

Federal Rules of Civil Procedure and case law, and the court file.  The court now being

fully informed makes the following findings, conclusions of law, and recommendation

that the motion be granted.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

5

Fed. R. Civ. P. 41(b).  Furthermore, Rule 16(f) provides in pertinent part that "[o]n

motion or on its own, the court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or

other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced

in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters in
> evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an
> order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful

misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before

choosing dismissal as a just sanction, a court should ordinarily consider a number of

factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4)

whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions."  Id. at 921.

"These factors do not constitute a rigid test; rather, they represent criteria for the district

court to consider prior to imposing dismissal as a sanction."  Id.  Since the plaintiff is

6

appearing pro se, this court has "assess[ed] whether it might appropriately impose some

sanction other than dismissal, so that the party does not unknowingly lose its right to

access to the courts because of a technical violation." Id. at 920 n.3. "Dismissal is

warranted when the aggravating factors outweigh the judicial system's strong

predisposition to resolve cases on their merits." Ecclesiastes 9:10-11-12, Inc. v. LMC

Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (internal quotations omitted).

Here, with respect to the first factor, the court finds that there has been substantial

actual prejudice to AFA as a result of plaintiff's repeated failure to file an amended

pleading as directed by the court. As AFA asserts, plaintiff's conduct has prejudiced

AFA by "keeping the lawsuit in limbo and impeding the court's ability to evaluate the

case," Reub v. Zavaras, 2013 WL 135840, at *2 (10th Cir. Jan. 11, 2013), aff'd, 532 Fed.

App'x 831 (10th Cir. Jan. 11, 2013), cert. denied, 134 S. Ct. 226 (2013), as well as by

forcing AFA to expend resources to respond to plaintiff's improper motions for

reconsideration. AFA correctly notes that this action was commenced on October 24,

2011, yet we are now more than two years down the road, without an operative pleading,

in large part because plaintiff has kept this litigation "in limbo" through repetitive, often

incomprehensible, filings that have failed to comply with court rules.

See Reub, 2013 WL 135840, at *2; Garcia v. INS, 2013 WL 3724915 (D. Colo. July 15,

2013) (finding defendant had been prejudiced by the plaintiff's failure to prosecute where

there was still no operative pleading in the action even though it had been pending for a

year, and the plaintiff had failed to comply with the court's directive to file a proper

second amended complaint). As in Garcia, AFA has defended the lawsuit in good faith

and has submitted appropriate responses to plaintiff's motions as well as motions in

response to plaintiff's deficient filings.  "Allowing the case to proceed when Plaintiff has

repeatedly failed to file a complaint that complies with Rule 8, and where there remains

no operative complaint, would required Defendant to expend further unnecessary time

and expense to defend against this action.  This factor weighs in favor of dismissal."

Garcia, 2013 WL 3724915 at *4.

Next, regarding the second factor, plaintiff has interfered with the judicial process.

It has been over eight months since Judge Martinez directed plaintiff to file a Second

Amended Complaint, and she still has not done so.  Her failure to prosecute, failure to

comply with the court's orders, and submission of several repetitive unresponsive filings

necessarily interfere with the effective administration of justice.  Id. at *5 ("Plaintiff's

failure to file a proper Second Amended Complaint, combined with her submission of

dozens of lengthy and irrelevant filings, demonstrates a lack of respect for the Court and

the judicial process.").  "Progress toward the resolution of [the] case has been brought to

a standstill" by plaintiff's failure to file an operative pleading.  Gomez v. Dillon Cos., 2010

WL 1644610, at *3 (D. Colo. Apr. 22, 2010).   "Plaintiff's actions have increased the

workload of the Court and taken its attention away from other matters where the parties

have fulfilled their obligations and are deserving of prompt resolution of their issues."

Garcia, 2013 WL 3724915, at *5.  This factor weighs in favor of dismissal.

Third, plaintiff is culpable for her failure to comply with her obligations in this

litigation.  See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987)

(a willful failure is "any intentional failure as distinguished from involuntary compliance.

No wrongful intent need be shown.").  The court has repeatedly advised plaintiff that

even though she is pro se, she is still obligated to comply with the court's rules.  (See

8

Docket Nos. 46, 56, and 66).  Plaintiff has been given ample opportunities and time to file a proper pleading, but she has failed to do so.  Instead of moving her case forward, she has continued to submit unnecessary filings.  See Reub, 2013 WL 135840, at *2 (plaintiff "was willfully culpable as evidence by the numerous shunned opportunities to cure his deficient pleadings"); Garcia, 2013 WL 3724915, at * 5 ("By submitting multiple filings while failing to submit a Second Amended Complaint, the Court must conclude that Plaintiff's actions have been willful, and that she is therefore responsible for her own non-compliance.").  This factor also weighs in favor of dismissal.

Next, while plaintiff was not warned by the court of possible dismissal for noncompliance with the court's orders, defendant's motion to dismiss  (Docket No. 122) gave plaintiff notice of possible dismissal with prejudice based upon her failure to prosecute.  That motion was filed over three months ago, yet plaintiff has not filed a response.  See Gross v. General Motors LLC, 441 Fed. App'x 562, 565 (10th Cir. Oct. 6, 2001) (constructive notice adequate); Coad v. Waters, 2013 WL 1767788, at *5 (D. Colo. Apr. 5, 2013) (defendant's motion to dismiss also constitutes notice of potential dismissal), adopted by 2013 WL 1767786 (D. Colo. Apr. 24, 2013); Smith v. City & County of Denver, 2009 WL 485163, at *3 (D. Colo. Feb. 26, 2009) (defendant's warning to plaintiff in the motion to dismiss was adequate notice).

Finally, a lesser sanction would not be sufficient.  The court's repeated orders have not produced plaintiff's compliance.  She has continuously and repeatedly failed to comply with the court's orders and to fulfill her obligations under the Federal Rules of Civil Procedure as set forth in the text above.  See Armstrong v. Swanson, 2009 WL 1938793, at *4 (D. Colo. 2009) (lesser sanctions were insufficient where plaintiff

9

repeatedly failed to comply with discovery obligations).  "[A] monetary or evidentiary

sanction would [not] be practical or effective, nor would such a sanction bear a

substantial relationship to Plaintiff's failure to prosecute her case.  Moreover, the case

cannot continue where there is no operative complaint."  Garcia, 2013 WL 3724915, at

*5.  The fifth factor thus also weighs in favor of dismissal.

In sum, it is recommended that this matter be dismissed with prejudice based

upon the plaintiff's failure to prosecute and failure to comply with the court's orders.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendant AFA's Motion to Dismiss Pursuant to Fed.

R. Civ. P. 41(b) (Docket No. 122) be **granted** and this case be dismissed with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985),**

**and also waives appellate review of both factual and legal questions.  Makin v.**

**Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  March 13, 2014                         s/ Michael J. Watanabe
       Denver, Colorado                       Michael J. Watanabe
                                              United States Magistrate Judge