IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-2764-WJM-MJW

KARIN CHRISTINE BREMER,

    Plaintiff,

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, a Labor Organization,

    Defendants.

## ORDER DECLINING TO RECUSE

This matter is before the Court on Plaintiff Karin Christine Bremer's Complaint of Judicial Misconduct against Magistrate Judge Michael J. Watanabe and the undersigned. On February 6, 2014, Plaintiff filed judicial complaints against the two judges assigned to the instant case alleging misconduct in the course of a settlement conference and several instances in which the Court ruled against her.  On March 13, 2014, the Magistrate Judge entered a Recommendation that the Motion to Dismiss filed by Defendant Association of Flight Attendants - CWA ("Defendant") be granted.  (ECF No. 134.)  Plaintiff filed an Objection to the Recommendation (ECF No. 136), and Defendant filed a Response (ECF No. 137).  The Recommendation is ripe for review.

Given the pending judicial complaints, the Court *sua sponte* considers whether recusal is required.  Pursuant to 28 U.S.C. § 455(a), "a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," as well as in cases of personal bias or prejudice, or where the judge has a personal or a financial interest in the controversy.  28 U.S.C. § 455(a)-(b).  Recusal is

required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)). However, "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id.* at 659-60.

The evaluation of the necessity of recusal is further informed by the provisions of the Judicial Conduct and Disability Act ("JCDA"), 28 U.S.C. §§ 351, *et seq.*, and the Guide to Judiciary Policy, which provides that a judge against whom a complaint is filed "is not required to recuse from a case involving the complainant unless . . . the circumstances raise a reasonable question about the judge's impartiality." Guide to Judiciary Policy, Vol. 2B, Ch. 2, Advisory Opinion No. 103 (June 2009).

As it applies to the undersigned, where it is infeasible to await the decision of the Chief Judge of the Tenth Circuit Court of Appeals resolving the complaint before considering recusal, the Guide to Judiciary Policy provides that "it is appropriate for the judge who is the subject of the complaint to determine whether the complaint meets one of the statutory grounds for dismissal." *Id.* These "statutory grounds for dismissal" include a complaint that is "directly related to the merits of a decision or procedural ruling", or is "frivolous, lacking sufficient evidence to raise an inference that misconduct has occurred, or containing allegations which are incapable of being established through investigation". 28 U.S.C. § 352(b)(1)(A). When a complaint meets these grounds, "no reasonable person would question the judge's impartiality in the complainant's case, and

recusal is not necessary." Advisory Opinion No. 103.

As this action has been pending since October 24, 2011, the Court finds it infeasible to further delay ruling on the pending motions in order to await the decision of the Chief Judge with respect to Plaintiff's complaint. Accordingly, the Court has reviewed the bases for Plaintiff's complaint and finds that one or more of the statutory grounds for dismissal apply. *See* 28 U.S.C. § 352(b)(1)(A). Plaintiff contends in her complaint that the Court is biased against her and has lied to her, as evidenced by the Court's rulings in Defendant's favor. These accusations lack sufficient evidence to indicate misconduct, and pertain to the merits of the rulings on her case. Thus, pursuant to the statutory provisions of the JCDA, as well as the Guide to Judiciary Policy and Canon 3C(1) of the Code of Conduct for United States Judges, recusal is not required in these circumstances. Moreover, there is as much obligation for a judge not to recuse as there is to recuse when appropriate. *Bryce*, 289 F.3d at 659 (stating that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

For the foregoing reasons, the undersigned declines to recuse in this case.

Dated this 18th day of August, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge

3