**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-2764-WJM-MJW

KARIN CHRISTINE BREMER,

    Plaintiff,

v.

ASSOCIATION OF FLIGHT ATTENDANTS - CWA, a Labor Organization,

    Defendants.

**ORDER ADOPTING MARCH 13, 2014 RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Plaintiff's Objection to U.S. Magistrate Judge Michael J. Watanabe's Recommendation dated March 13, 2014 ("Recommendation"), which recommended granting Defendant Association of Flight Attendants' ("Defendant" or "AFA") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 134). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed a timely Objection to the Recommendation ("Objection"). (ECF No. 136.) For the reasons set forth below, Plaintiff's Objection is overruled, the Recommendation is adopted, and Defendant's Motion to Dismiss is granted.

**I. STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation. Accordingly, the Court adopts and incorporates the factual

background detailed in the Recommendation as if set forth herein.  Briefly, Plaintiff filed this action on October 24, 2011 against AFA and then-Defendant United Air Lines, Inc. (ECF No. 1.)  On July 1, 2013, the Court granted United Air Lines' Motion to Dismiss, granted AFA's Motion to Strike Plaintiff's Amended Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10, and granted leave to Plaintiff to file an Amended Complaint solely as to AFA.  (ECF No. 109 at 11).

However, Plaintiff never filed an Amended Complaint pursuant to the Court's Order.  Instead, Plaintiff filed a number of objections and motions to reconsider subsequent orders of both Magistrate Judge Watanabe and the undersigned.  (*See* ECF Nos. 111, 114, 117, 119, 121.)  Plaintiff also appealed the Court's rulings to the Tenth Circuit Court of Appeals (ECF No. 126), which dismissed Plaintiff's appeal for lack of jurisdiction (ECF No. 135).

On December 11, 2013, AFA filed a Motion to Dismiss, arguing that Plaintiff had failed to prosecute and failed to comply with Court orders to file an operative pleading, and that her claims were therefore subject to dismissal with prejudice pursuant to Rules 41(b) and 16(f).  (ECF No. 122.)  Plaintiff filed no response to the Motion to Dismiss.  On March 13, 2014, the Recommendation was entered.  (ECF No. 134.)  Plaintiff filed an Objection (ECF No. 136), and AFA filed a Response to the Objection (ECF No. 137).

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions:  (1) Rule 16(f) permits dismissal as a sanction against a party that has committed willful misconduct in failing to obey a pretrial order; and (2) dismissal is appropriate here because Defendant has been prejudiced, Plaintiff has interfered with the

judicial process, Plaintiff is culpable for her failure to comply with the Court's order and had notice of possible dismissal, and a lesser sanction would be insufficient. (ECF No. 134 at 5-9.)

Plaintiff's Objection fails to address the majority of the findings or conclusions set forth in the Recommendation. Instead, she states in a conclusory manner that Defendant has not been prejudiced, and that Plaintiff "has not willfully not complied" with the Court's orders, without explanation of why she has filed no operative complaint and did not respond to the Motion to Dismiss. (*See* ECF No. 136 at 7.) The Objection further discusses the merits of Plaintiff's claims, argues issues of discovery, and reiterates arguments which have already been addressed. (*Id.* at 2-9.)

First, as to Plaintiff's objection to the finding in the Recommendation that her failure to comply with the Court's orders was been willful, the Court finds that no evidence or argument in the record excusing Plaintiff's failure to file an operative complaint per the Court's orders, particularly given the repetitive, unresponsive filings that Plaintiff has presented in the meantime. Thus, the Court agrees with the Magistrate Judge that such failure was willful. As to Plaintiff's objection to the finding that Defendant has been prejudiced, the Court finds that, in the absence of an operative complaint, Defendant has been prejudiced both by its inability to proceed on the merits and by being required to respond to Plaintiff's numerous improper filings and motions to reconsider. Accordingly, Plaintiff's Objection to these findings is overruled.

As to the remainder of Plaintiff's arguments, they do not constitute specific objections meriting *de novo* review of the Recommendation. *See One Parcel of Real Property*, 73 F.3d at 1059; *Summers*, 927 F.2d at 1167. Instead of addressing the

Magistrate Judge's findings or analysis, Plaintiff raises issues related to the merits of her claims which are not properly before the Court due to the lack of an operative complaint, and continues to reargue points already addressed in the Court's earlier rulings. The Court need not address these points any further. *See id.*

Having reviewed the relevant parts of the record, the Court finds that the Magistrate Judge's reasoning is not clearly erroneous or contrary to law. Thus, Plaintiff has failed to provide any grounds upon which the Objection can be sustained, and the Recommendation is adopted in full.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation of the United States Magistrate Judge (ECF No. 134) is ADOPTED in its entirety;

2. Plaintiff's Objection to the Recommendation (ECF No. 136) is OVERRULED; and

3. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (ECF No. 122) is GRANTED, and this matter is DISMISSED WITH PREJUDICE. Defendant shall have its costs.

Dated this 18th day of August, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge